UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SYBILL WILLIAMS and, ) | |
| JOSH NORWOOD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| FORD MOTOR CO., et al. ) | Case No. 1:12-CV-108 SNLJ |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand (#7).  This Court previously remanded this matter (then Case No. 1:10-cv-57) on November 30, 2011, because although the case had been properly removed to federal court pursuant to 28 U.S.C. § 1447, diversity was destroyed when plaintiffs added a non-diverse defendant to the matter.

After remand to the Circuit Court of Dunklin County, Missouri, the non-diverse defendant was dismissed from the case.  As a result, defendant Ford Motor Co. ("Ford") again removed the case to federal court citing diversity jurisdiction on June 22, 2012 (#1).

Plaintiffs contend that this matter should again be remanded because, despite complete diversity of citizenship between the parties, the defendant may not remove the case more than a year after its filing pursuant to 28 U.S.C. § 1446(b).  At the time that this case was filed,[1] the relevant statutory language provided:

---

[1] Section 1446 was amended in 2011; however, because the plaintiffs' action was filed prior to the 2011 Acts amending 28 U.S.C. § 1446, the prior version of the statute is applicable. *See* 28 U.S.C. § 1446 (2012), Historical and Statutory Notes, Effective and Applicability Provisions.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> *If the case stated by the initial pleading is not removable*, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action*.

28 U.S.C. § 1446(b). The case was originally commenced on March 3, 2010, so more than one year has passed since its commencement.

Defendant Ford argues that removal was proper. First, Ford argues that, with respect to both of its removal petitions, it removed the case within 30 days of both the initial pleading and the dismissal of the sole non-diverse defendant and that, as a result, Ford is in compliance with the requirements of § 1446(b). Second, Ford contends the one-year time limitation is inapplicable to this case because it applies only to cases that were not removable to federal court when originally filed, citing *Brown v. Tokio Marine and Fire Insurance Co., Ltd.*, 284 F.3d 871 (8th Cir. 2002).

Indeed, the Eighth Circuit has held that the "rules of usage and statutory construction lead inevitably to the conclusion that the one-year limitation period...only applies to cases that were not removable to federal court when originally filed." *Id.* at 873. Here, there is no dispute that the case *was* removable (and was in fact removed) when it was originally filed in state court, thus the Eighth Circuit precedent excludes this case from the one-year limitation of § 1446(b).

The same rule was followed under nearly-identical circumstances in *Lassila v. Werner Co.*, 78 F. Supp. 2d 696 (W.D. Mich. 1999). There, the defendant removed a case with complete

2

diversity of parties to federal court, but the case was later remanded when the plaintiff joined a non-diverse defendant.  Later, and more than a year after the case was filed, the non-diverse defendant was dismissed by the state court, which restored complete diversity between the parties.  The defendant again removed the action, citing diversity jurisdiction, and the court denied plaintiff's motion to remand based on the one-year limitation of § 1446(b), citing *Brierly v. Alusuisse Flexible Packaging*, 184 F.3d 527, 534-35 (6th Cir. 1999), upon which the Eighth Circuit relied in *Brown*, 284 F.3d at 873.

Plaintiffs argue only that equitable tolling is not available to the defendant, citing *Advanta Technology Ltd. v. BP Nutrition, Inc.*, No. 4:8cv612-ERW, 2008 WL 4619700 (E.D. Mo. Oct. 16, 2008).  In *Advanta*, the defendant's first removal attempt was thwarted and remand was granted because the court held that the non-diverse plaintiff had not assigned legal title to his claims over to diverse parties.  It was later discovered that plaintiff had in fact assigned legal title for his claims to diverse parties, so the defendant again attempted to remove the case based on diversity jurisdiction.  There, the defendant argued that the one-year limitation should be equitably tolled, but the Court held that 28 U.S.C. § 1446(b) established a jurisdictional requirement that was not subject to equitable tolling.  *Id.* at *4.  The court, however, did not address directly whether the rule set forth in *Brown* applied to the case, that is, whether the case was removable to federal court when it was originally filed.  Here, defendant does not argue for equitable tolling at all, but instead relies on the rule set forth in *Brown*.  Plaintiffs did not distinguish *Brown* in their motion, and they did not file a reply memorandum.

Because it is clear that the instant matter was removable when originally filed and that, pursuant to *Brown,* the 28 U.S.C. § 1446(b) one-year limitation does not apply, this Court will deny the plaintiffs' motion to remand.

3

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion to remand (#7) is DENIED.

Dated this  8th   day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE